UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 15-9771 DMG (JPRx)** | Date | March 25, 2016 |
|---|---|---|---|

| Title | *Richard G. Heller v. American States Insurance Company, et al.* | Page | 1 of 5 |
|---|---|---|---|

Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE PLAINTIFF'S MOTION TO REMAND**

### I.
### FACTUAL AND PROCEDURAL BACKGROUND

On May 21, 2014, The William Heller Testamentary Trust ("William Heller Trust") filed a Complaint in Los Angeles County Superior Court against Liberty Mutual Insurance Company ("Liberty Mutual") and Maryann Mull alleging (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; and (3) violation of California Business & Professions Code section 17200. (Notice of Removal, Exh. A ("Compl.") [Doc. # 1-1].) On May 6, 2015, William Heller Trust filed an amendment to the Complaint naming American States Insurance Company ("American States") as a Defendant. (*Id.* at 7.)

On July 23, 2015, William Heller Trust filed a First Amended Complaint bringing claims against American States and Mull by plaintiff Richard. G. Heller, as Trustee for the Heller Trust. (Notice of Removal, Exh. B ("FAC") [Doc. # 1-2].) On July 24, 2015, Heller filed a stipulation substituting Heller and dismissing Liberty Mutual from the action. (Notice of Removal ¶ 10.) On August 25, 2015, American States filed its answer to Plaintiff's FAC. (*Id.* ¶ 11.)

During the case management conference on October 6, 2015, the Superior Court issued an Order to Show Cause ("OSC") by November 24, 2015 why Defendant Maryann Mull had not been served. (Notice of Removal ¶12)  On November 23, 2014, Heller filed a request for dismissal ("RFD") of defendant Maryann Mull, without prejudice. (Notice of Removal, Exh. C [Doc. #1-3].) During the OSC hearing on November 24, 2015, the Superior Court dismissed defendant Maryann Mull without prejudice. (Notice of Removal, Exh. D [Doc. #1-4].)

On December 18, 2015, American States removed the case to this Court on the basis of diversity jurisdiction, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441(b). On January 15, 2015, Heller filed a motion to remand this case to Los Angeles Superior Court. [Doc. #10.] On January 29, 2016, American States filed an opposition. [Doc. #15.]

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk KT |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 15-9771 DMG (JPRx)** | Date | March 25, 2016 |
|---|---|---|---|
| Title | ***Richard G. Heller v. American States Insurance Company, et al.*** | Page | 2 of 5 |

## II.
## LEGAL STANDARD

"Diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff." *In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1234 (9th Cir. 2008) (internal citation omitted). "The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (internal citation omitted).

The removal statute, 28 U.S.C. § 1441(a), is strictly construed against removal jurisdiction, and if there is any doubt as to the right of removal in the first instance, federal jurisdiction must be rejected. *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*)).

## III.
## DISCUSSION

### A.    The Voluntary-Involuntary Rule

"[O]nly a voluntary act of the plaintiff [can] bring about removal to federal court." *Self v. Gen. Motors Corp.*, 588 F.2d 655, 658 (9th Cir. 1978). This rule is known as the "voluntary-involuntary" rule, and "requires that a suit remain in state court unless a 'voluntary' act of the plaintiff brings about a change that renders the case removable." *Id.* at 657 (citing *Powers v. Chesapeake & O. Ry.*, 169 U.S. 92, 18 S.Ct. 264, 42 L.Ed. 673 (1898)); *see also People of State of Cal. By & Through Lungren v. Keating*, 986 F.2d 346, 348 (9th Cir. 1993) ("Since a voluntary act by the plaintiff has not rendered the case removable, it must remain in state court."). A nonremovable case cannot be converted into a removable one "by an order of the court upon any issue tried upon the merits." *Id.*; *see also Great N. Ry. Co. v. Alexander*, 246 U.S. 276, 281, 38 S. Ct. 237, 239, 62 L. Ed. 713 (1918) (internal citations omitted). "As a general rule, a dismissal ordered by the court is considered to be involuntary while one entered at the request of a party is voluntary." *D & J, Inc. v. Ferro Corp.,* 176 Cal. App. 3d 1191, 1194, 222 Cal. Rptr. 656, 657 (Ct. App. 1986).

In California state court, an action may be dismissed without prejudice upon written request of the plaintiff to the clerk, filed with papers in the case, or by oral or written request to the court at any time before the actual commencement of trial, upon payment of costs, if any. Cal. Civ. Proc. Code § 581(b)(1). "A plaintiff may dismiss his or her complaint, or any cause of action asserted in it, in its entirety, or as to any defendant or defendants, with or without prejudice prior to the actual commencement of trial." Cal. Civ. Proc. Code § 581(c). "A request for a dismissal is usually effective

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 15-9771 DMG (JPRx)** | Date | March 25, 2016 |
|---|---|---|---|

| Title | *Richard G. Heller v. American States Insurance Company, et al.* | Page | 3 of 5 |
|---|---|---|---|

upon filing, and no other action by the clerk or the court is required." *Law Offices of Andrew L. Ellis v. Yang*, 178 Cal. App. 4th 869, 876, 100 Cal. Rptr. 3d 771, 775 (2009) (citing *Aetna Casualty & Surety Co. v. Humboldt Loaders, Inc.*, 202 Cal.App.3d 921, 931, 249 Cal.Rptr. 175 (1988)). "Neither the clerk nor the trial court has any discretion in the matter." *Id.* (internal citation and quotation marks omitted).

Heller argues that dismissal was involuntary because the Superior Court dismissed Mull at its discretion, on the grounds that Heller had failed to serve Mull. (MTR at 4.) Heller has not provided any explanation, however, as to why the Court should disregard the RFD Heller submitted the day before the OSC hearing and not consider it a voluntary dismissal, given that such a request is effective upon filing, and is self-executing. Moreover, the Superior Court's minute order states: "At the *request of the plaintiff*, and with good cause appearing, the Court hereby orders the first amended complaint dismissed, without prejudice, as to defendant Maryann Mull, only." (Declaration of Kevin P. Gilliland at 3 "Gilliland Decl." [Doc. #15]) (emphasis added). The Court finds that Mull's dismissal was voluntary, and the case therefore became removable on November 24, 2015, the date she was dismissed. American States' notice of removal, filed on December 18, 2015, was therefore timely.

**B.     The Bad Faith Exception**

A diversity case where the initial pleading is not removable "may not be removed more than 1 year after the commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 18 U.S.C. § 1446(c)(1); *see also Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1316-18 (9th Cir. 1998) (only a case that "becomes removable sometime after the initial commencement of the action" is "barred by the one-year exception."); *NKD Diversified Enterprises, Inc. v. First Mercury Ins. Co.*, No. 1:14-CV-00183-AWI, 2014 WL 1671659, at *3 (E.D. Cal. Apr. 28, 2014) *report and recommendation adopted*, No. 1:14-CV-00183-AWI, 2014 WL 2619599 (E.D. Cal. June 6, 2014) ("the one year limitation [is] procedural and can be excused upon a showing of bad faith.")  In this case, American States' notice of removal was filed more than a year after the commencement of the action, and American States must therefore demonstrate bad faith on Heller's part in order for the action to be properly removed.

The bad faith exception, as distinct from the doctrine of fraudulent joinder, applies to "plaintiffs who joined—and then, after one year, dismissed—defendants [whom] they *could* keep in the suit, but that they did not want to keep in the suit, except as removal spoilers." *Aguayo v. AMCO Ins. Co.*, 59 F. Supp. 3d 1225, 1266 (D.N.M. 2014). Determining whether plaintiffs have acted in bad faith to prevent removal necessarily involves looking into the plaintiffs' subjective intent, as the text of section 1466(c)(1) "strongly suggest[s] intentionality and purpose." *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 15-9771 DMG (JPRx)** | Date | March 25, 2016 |
|---|---|---|---|

| Title | **Richard G. Heller v. American States Insurance Company, et al.** | Page | 4 of 5 |
|---|---|---|---|

The Ninth Circuit has yet to address the applicable standard for the bad faith exception under section 1446(c). *See NKD Diversified*, 2014 WL 1671659, at *3 ("The Ninth Circuit has not addressed the standard to be applied to meet the bad faith requirement of the amendment to Section 1446[.]") The Ninth Circuit has, however, set a "high threshold" for the required showing of bad faith in the context of sanctions. *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 649 (9th Cir. 1997). The removing party bears the burden of demonstrating that the plaintiff has acted in bad faith, particularly given the strong presumption against removal. *NKD. Diversified*, 2014 WL 1671659, at *3–4.

District courts in other circuits have found bad faith where the "the plaintiff engaged in strategic gamesmanship to prevent a defendant's removal from state court." *Ehrenreich v. Black*, 994 F. Supp. 2d 284, 288 (E.D.N.Y. 2014). In *Forth v. Diversey Corp.,* No. 13-CV-808-A, 2013 WL 6096528 (W.D.N.Y. Nov. 20, 2013), the plaintiffs sued two foreign corporations and one non-diverse corporation. Six months later, the non-diverse corporation notified plaintiffs that the non-diverse corporation was an improper defendant. Plaintiffs, citing the need for additional discovery, refused to dismiss the non-diverse corporation. Plaintiffs eventually dismissed the non-diverse corporation 16 months after commencement of the action, without having taken any discovery from the non-diverse corporation. The court found that plaintiffs' contradictory statements were "highly suggestive" of bad faith. *Id.* at *3. The court reasoned that "[p]laintiffs' explanations for their failure to earlier dismiss [the non-diverse corporation] from the action are inconsistent and implausible." *Id.* "[P]laintiffs'. . . explanation—namely that 'more discovery was required in order to verify the accuracy of [non-diverse corporation's] pre-Answer representations'—is contradicted by the fact that plaintiffs *did not obtain* any further discovery from [the non-diverse corporation] before dismissing it." *Id.* (emphasis in original).

In contrast, courts have remanded where delays can be reasonably explained. In *Escalante v. Burlington Nat. Indem., Ltd.,* No. 2:14-CV-7237-ODW, 2014 WL 6670002 (C.D. Cal. Nov. 24, 2014), the court did not find bad faith where plaintiffs failed to serve a defendant for over a year. The court noted that plaintiffs were diligent in their efforts to effect service: "Plaintiffs conducted research . . . with the California Secretary of State; had constant court dates to monitor their progress; and even enlisted the help of the California Insurance Commission." *Id.* at *4.

Here, Heller has not produced sufficient evidence of such diligence. Hull never served any written discovery pertaining to Mull's work or home address on Liberty Mutual, who hired Mull as a consultant, and Heller never served any written discovery on Liberty Mutual or American States designed to elicit evidence in support of his claims against Mull or American States. (Declaration of Kevin P. Gilliland ("Gilliland Decl.") ¶ 2 [Doc. #15.])

Moreover, as in *Forth*, Heller has provided inconsistent explanations as to why Mull was not dismissed earlier in the proceedings. Counsel for Heller stated that Mull was dismissed "only because my office was unable to serve [Mull] after countless attempts." (Declaration of Boris Treyzon

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 15-9771 DMG (JPRx)** | Date | March 25, 2016 |
|---|---|---|---|
| Title | *Richard G. Heller v. American States Insurance Company, et al.* | Page | 5 of 5 |

("Treyzon Decl.") ¶ 2 [Doc. #10-1.]) According to the Superior Court's October 8, 2014 case management conference minute order, however, counsel provided a different explanation: "Maryann Mull was not served. Plaintiff represents to the court that they are *holding off on serving* Mull and considering dismissing her." (Gilliland Decl., Exh. A (emphasis added).) Heller has failed to provide a satisfactory explanation for this apparent inconsistency. Although there is a high bar for a finding of bad faith, the totality of the circumstances in this case weigh against a finding of sufficient diligence and are highly indicative of "strategic gamesmanship" intended to prevent removal.

## IV.
## CONCLUSION

In light of the foregoing, Heller's Motion to Remand is **DENIED**.

**IT IS SO ORDERED.**